It follows that the judgment should be affirmed.

PATTERSON, P. J., McLAUGHLIN, HOUGHTON and SCOTT, JJ., concurred.

Judgment affirmed. Order filed.

---

In the Matter of the Application for an Order to Strike from the Enrollment Book of the Twentieth Election District of the Twenty-fifth Assembly District in the County of New York the Name of HENRY TITUS.

BERNARD GILES, Appellant; JOHN R. VOORHIS and Others, Commissioners of the Board of Elections of the City of New York, Respondents.

First Department, February 15, 1907.

Elections — application to strike name from primary enrollment — when affidavit insufficient — when public question involved.

The question of the sufficiency of an affidavit on an application under subdivision 11 of section 3 of the Primary Election Law to strike a name from the primary enrollment is of such public importance that the court will hear the case, although the primary election has been held.

Although *it seems* that the Legislature may prescribe such rules and regulations applying to all primary elections as it deems necessary and proper, and may provide for the removal of the name of an elector from the enrollment when he has removed from the district, yet when the Legislature has not made adequate provision to protect such elector from having his name stricken from the roll without his knowledge the said statute should be so construed as to afford him the necessary protection.

Said statute authorizes the removal of the name of an enrolled elector only upon proof constituting satisfactory evidence not only that the elector has removed from the address from which he registered, but from the election district as well. Hence, when such elector served by mail at his last known address has failed to appear in the proceeding to remove his name from the roll and the affidavit showing his removal from that residence given is not made by a lessee or occupant or janitor or proprietor of the premises, but by an occupant of a house in the vicinity, and the affiant has no personal knowledge that the elector has actually removed from the election district as well, but merely states that fact as a conclusion, the affidavit is insufficient, although uncontradicted, to make it a mandatory duty of the court to strike the name from the enrollment.

(Per SCOTT, J.): Such affidavit merely shows that the elector removed from the dwelling and raises no presumption that he removed from the district, and a mere statement that he no longer resided in the district is valueless as proof. CLARKE and INGRAHAM, JJ., dissented, with opinion.

APPEAL by the applicant, Bernard Giles, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of November, 1906, denying the appellant's application to strike the name of Henry Titus from the enrollment book of the twentieth election district of the twenty-fifth Assembly district in the county of New York.

*James H. Hickey,* for the appellant.

*Theodore Connoly,* for the respondents.

LAUGHLIN, J.:

The motion was made on an order to show cause granted by a justice of the Supreme Court on the 4th day of September, 1906, upon the application of Bernard Giles, on his affidavit and on the affidavit of Harry S. Middleton. The affidavit of the applicant showed unqualifiedly, among other things, that he was a citizen and duly qualified elector of the twenty-fifth Assembly district in the county of New York; that the name of Henry Titus appeared on the enrollment

book of the twentieth election district of the twenty-fifth Assembly district as one of the electors enrolled as a Republican and entitled to vote at the next primary election to be held by said party ; that the respondents are the commissioners of the board of elections of the city of New York and have the custody of the primary records of enrollment of said city, and that no previous application had been made for the order, and *upon information and belief* it showed, among other things, that Titus was not a qualified elector of said district for which the enrollment was made, in that he was enrolled as residing at No. 111 West Twenty-seventh street, and that he had removed from and no longer resided at said address nor in the election district in which he enrolled. The affidavit of Middleton showed that he resided at No. 448 Sixth avenue in said twentieth election district, and that said Titus " has removed from No. 111 W. 27th Street, and does not now reside there nor in said election district. His present address is unknown." The order to show cause provided that said commissioners of the board of elections show cause at a Special Term of the Supreme Court, to be held at a place therein specified in the city of New York on the 7th day of September, 1906, at ten-thirty o'clock A. M., or as soon thereafter as counsel could be heard, why an order should not be made directing that the name of Titus be stricken from the enrollment book pursuant to the provisions of section 3 of chapter 473 of the Laws of 1899, as amended. The affidavit of service of the order to show cause showed that it was served upon the enrolled elector by depositing a true copy thereof and of the papers upon which it was granted in the post office, inclosed in a securely sealed postpaid envelope, addressed to him at the address appearing on the enrollment book, on the 5th day of September, 1906, at nine-fifty o'clock, A. M., and on the commissioners of the board of elections by serving a true copy of the order and of the papers on which it was granted on the president of the board, at nine-thirty o'clock, A. M., on the same day. The order denying the application shows that the corporation counsel appeared and was heard in behalf of the commissioners of the board of elections, but does not show that the elector appeared.

The primary election for which the enrollment was made has been held, but it is contended on the part of the appellant that a public

question is involved, which the court should decide, notwithstanding the fact that the reversal of the order, if erroneous, can now be of no avail to the elector. We are of opinion that the question presented is one of such public importance that the court should hear the case and decide it upon the merits.

The appellant contends that the affidavit of Middleton, which was not upon information and belief, but asserted facts without qualification, should have been accepted, and being uncontroverted, that the application should have been granted. The respondents, however, claim that the Special Term was vested with a discretion and that the justice presiding was not obliged to accept an affidavit made by a person who was not a lessee or janitor or proprietor of the house from which the elector enrolled, but who appears to have resided elsewhere in the district, and that in the absence of evidence showing that the affiant was in a position to know the facts set forth, was justified in denying the application. The appellant argues that it should be presumed that the affiant had personal knowledge of the facts unqualifiedly set forth in his affidavit, and that if the elector had not moved out of the district, it was to be presumed that he would have appeared in opposition to the motion.

Subdivision 11 of section 3 of the Primary Election Law (Laws of 1898, chap. 179, as amd. by Laws of 1904, chap. 350), which was the only authority conferred upon the court for striking names from the primary enrollment book in the city of Greater New York, provided, among things, so far as material to the question presented, as follows: "If any statement in the declaration of any person, on the evidence of which his name was enrolled in the original enrollment book for any election district by the custodian of primary records, or if any entry opposite the name of any person in such enrollment book, is false, or if any person enrolled in such enrollment book has died, or has removed from or no longer resides in such election district, any elector of the assembly district in which such election district is located (provided such elector is himself duly enrolled with the same political party with which the person, as to whom the application is made, was enrolled) may present proof thereof by affidavit to the Supreme Court, or to any justice thereof, in the judicial district in which such election district

is located, or to a county judge of the county in which such election district is located. And thereupon such court, justice or judge shall make an order requiring the person against or as to whom the proceeding is instituted unless he is shown to have died, as hereinafter provided, to show cause before such court, justice or judge, at a time and place specified in such order, why his name should not be stricken from such enrollment book. Such order shall be returnable on a day at least ten days before a primary election, and a copy thereof shall be served on the person against whom the proceeding is instituted and on the custodian of primary records at least forty-eight hours before the return thereof, either personally or by depositing the same in the postoffice of the city in which such election district is located, in a postpaid wrapper or envelope addressed to the custodian of primary records at his office, and to such person by his name at his present address, if known, and otherwise at the address which appears in the enrollment book for such election district. * * * The custodian of primary records shall produce before the court, justice or judge the original enrollment declaration subscribed by the person against or as to whom the proceeding is instituted. The court, justice or judge shall hear the persons interested, and if it appears by sufficient evidence that any statement in the declaration of the person against whom the proceeding is instituted, on the evidence of which he was enrolled by the custodian of primary records, or any statement opposite his name in the original enrollment book is false, or that such person is dead or has removed from or no longer resides in the election district for which he is enrolled, shall order the name of such person stricken from the enrollment book, except as hereinafter provided. If at such hearing the person against whom the proceeding is instituted shall produce evidence that the custodian of primary records has incorrectly copied into the enrollment book the data contained in the declaration of such person, and that, if correctly copied such person would be entitled to be enrolled in such election district, such order instead of requiring his name to be stricken from the enrollment book, shall require the correction of the enrollment book in accordance with such evidence. In either case the order shall require the custodian of primary records to strike such name from the enrollment

book, or to otherwise correct such enrollment book in accordance with such order."

The question for decision is whether the affidavits constituted a presentation of proof of the fact that the enrolled elector had removed from the election district and whether they constituted "sufficient evidence" of that fact to render it the mandatory duty of the court to strike the name of Titus from the enrollment book.

It is undoubtedly competent for the Legislature to prescribe such general rules and regulations, applying to all electors alike, as in its wisdom shall seem necessary and proper with respect to *primary elections*; and it may well be that it has authority to provide that if an elector removes from the residence from which he enrolled, without leaving his new address or informing the postal authorities thereof, so that he may receive notice under the existing law of an application to strike his name from the enrollment book, that it is his misfortune if he does not receive the notice and if his name is stricken from the enrollment book without his having an opportunity to demand his right to have it retained thereon. However, until the Legislature makes some provision by which an enrolled elector may protect himself against having his name stricken from the roll without his knowledge, the statute should be so construed as to enable the courts in passing upon such application to afford him the necessary protection. It would seem that a more practical rule could be readily prescribed, as for instance, that upon a change of residence the enrolled elector should notify the board of elections by letter or otherwise and that they should be required to make a record thereof and that the officers with whom the enrollment is made originally should be required to inform the elector at the time he enrolls of his duty to give this notice in the event of his changing his residence within the same district in order to retain his right to vote at the primaries. If such a rule were prescribed, then on proof of the removal of an elector from the residence from which he enrolled and proof that the records for changes of address kept by the custodians of the enrollment books did not show a removal to a place within the same district, or if they did that the elector did not reside there, the name might be stricken from the enrollment book with entire safety. This would not only be practical but it would be readily understood and no injustice could result because,

except as to matters entirely within the control of the enrolled elector, the inquiry would be confined to the question as to whether he had removed from the address from which he had enrolled or to which he had removed and given the statutory notice. There may also be other practical rules that might be enacted which could readily be brought to the attention of all electors so that the rights of no one would be prejudiced and so that the perpetration of frauds, which it was the design of the Legislature to prevent, should be minimized, if not rendered impossible. However, these are questions for the Legislature and not for the courts. It remains with the court to interpret the law as enacted. The Legislature in the case of a change of residence by an enrolled elector has authorized and required action by the courts only in case of *proof* consisting of *satisfactory evidence* that the elector has not only *removed from the address from which he registered, but from the election district as well.* This question must be decided the same as are other questions presented for decision by the courts. A provisional remedy would not be granted upon such proof of the essential facts as was made in this case. The rule is that where it is apparent that the affiant is in position to have personal knowledge of the facts, his positive affidavit will be accepted, but that where it is not apparent that he is in position to have personal knowledge of the facts, his positive affidavit will be treated as a legal conclusion or a conclusion of fact not warranted by the facts presented, and will be deemed insufficient unless the facts showing his knowledge are set forth to sustain the conclusion. If the affidavit were made by the lessee and occupant of a house or by the janitor of a building or proprietor of a rooming or boarding house, it is manifest that he would be in a position to know whether the enrolled elector had removed, and it might be presumed that he would be in a position to know that the enrolled elector had removed from the district, even though he might not know the new address without the district; but where the affidavit is merely made by one of many occupants of a tenement, or as here, by an occupant of a house or tenement in the vicinity, it is neither manifest nor apparent that the affiant would have positive knowledge of the fact either of the removal of the elector from the address from which he enrolled, or from the election district, and we cannot and should not hold, in the present state of the

statutory law on the subject, that it is the mandatory duty of the Special Term on such affidavits and proof to strike the name of the enrolled elector from the enrollment book.

It follows that the order should be affirmed.

PATTERSON, P. J., concurred; CLARKE and INGRAHAM, JJ., dissented.

SCOTT, J. (concurring) :

I agree that the order should be affirmed. The evidence that the elector had removed out of the election district was entirely insufficient and inconclusive. The most that was shown was that he had moved out of the house in which he had formerly resided, but this fact, in the more crowded section of the city, raises no presumption that the elector has moved out of the district. The statement of the affiant that the elector no longer resided in the district was valueless and was properly disregarded, because he failed to show that he had any knowledge on the subject.

CLARKE, J. (dissenting):

For the reasons stated in the opinion handed down herewith in *Matter of O'Brien* (117 App. Div. 628), the order appealed from herein should be reversed and the application granted.

INGRAHAM, J., concurred.

Order affirmed. Order filed.